IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| THE ASSOCIATION OF AMERICAN § | |
| PHYSICIANS & SURGEONS, INC. § | |
| § | |
| V.                                              § | No.  5:07CV191 |
| § | |
| THE TEXAS MEDICAL BOARD (TMB),§ | |
| ET AL.                                       § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Dr. Edward Brandecker's, Witness, Motion to Quash Subpoena Duces Tecum (Docket Entry # 54) and Defendants' Objections to and Motion to Quash Five Document Subpoenas, or Alternatively, Motion for Protective Order (Docket Entry # 55) were referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motions. The Court, having reviewed the relevant briefing, is of the opinion the motions should be **DENIED**.

### I.  FACTUAL BACKGROUND

Plaintiff Association of American Physicians & Surgeons, Inc. ("Plaintiff") filed this lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Texas Medical Board and its members, acting in their individual and official capacities. Plaintiff objects to "Defendants' manipulation of anonymous complaints, their conflicts of interest, their violation of due process, their breach of privacy, and their retaliation against physicians who speak out." (Docket Entry # 33 at pg. 2). Plaintiff seeks declaratory and injunctive relief.

## II. MOTIONS TO QUASH AND FOR PROTECTION

Defendant Texas Medical Board ("TMB" or "Board"), Roberta M. Kalafut, Lawrence L. Anderson, Michael Arambula, Julie K. Attebury, Jose Benavides, Patricia S. Blackwell, Melinda S. Fredricks, Manuel G. Guarjardo, Amanullah Khan, Melinda McMichael, Margaret McNeese, Charles E. Oswalt, Larry Price, Annette P. Raggette, Paulette Barker Southard, Timothy J. Turner, Timothy Webb, Irvin E. Zeitler, Donald Patrick, and John Does 1-10 who are working for the TMB (collectively "Defendants") move this Court to quash portions of five document subpoenas issued by Plaintiffs to non-party individuals and/or entities.

One of the five subpoenas at issue in Defendants' motion was served on non-party, Dr. Edward Brandecker. By separate motion, Dr. Brandecker also asks the court to quash the subpoena duces tecum. Among other things, Dr. Brandecker asserts the subpoena requires disclosure of privileged or protected material, and no exception or waiver applies.

## III. APPLICABLE LAW

Subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Ordinarily, a motion to quash or modify a subpoena under Rule 45(c)(3) may be made by the person to whom the subpoena is directed because that person has standing to attack the subpoena. *See Shepard v. Castle*, 20 F.R.D. 184 (W.D. Miss. 1957). However, a party, although not in possession or control of the requested materials and not the person to whom a subpoena is directed, does have such standing if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

## IV. DISCUSSION

A.     **The Five Subpoenas**

Plaintiff issued Rule 45 document subpoenas to the following five non-party individuals and/or entities: (1) Blue Cross Blue Shield of Texas; (2) the Texas Medical Association; (3) Aetna Health of North Texas; (4) Dr. Brandecker; and (5) the Office of the Governor of Texas. Many of the document requests in the non-party subpoenas call for the production of documents and information relating to "the potential or actual filing of a complaint or discipline of any physician" or "the investigation or discipline of any physician," and similar information, either directly or indirectly.

Defendants assert each of the five subpoenas contains requests for documents protected by Texas law from discovery, subpoena, or other means of legal compulsion for release to anyone other than the Texas Medical Board, and Defendants therefore ask the Court to quash the subpoenas to the extent they seek such statutorily-protected information. Similarly, Dr. Brandecker moves the Court to quash or modify the subpoena issued by Plaintiff.

B.     **Discussion**

All five subpoenas at issue in this case were issued from other courts. The Blue Cross Blue Shield of Texas subpoena was issued from the United States District Court for the Northern District of Texas. The Texas Medical Association subpoena was issued from the United States District Court for the Western District of Texas. The Aetna Health of North Texas subpoena was issued from the United States District Court for the Northern District of Texas as was the subpoena served on Dr. Brandecker. Finally, the subpoena served on the Office of the Governor was issued from the United States District Court for the Western District of Texas.

Numerous courts have acknowledged that subpoenas issued under Federal Rule of Civil Procedure 45 "constitute process of the issuing court, and are enforced by that same court." *In the Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir. 1986), *cert. denied*, 477 U.S. 904 (1986); *see Peterson v. Douglas County Bank*, 940 F.2d 1389, 1390 (10th Cir. 1991)(noting the litigant moved to quash the subpoena or, in the alternative, for a protective order, in the jurisdiction from which the subpoena issued); *see also Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 3-4 (1st Cir. 1985)(noting the defendants filed a motion to compel discovery in the district from which the subpoena issued).

Unlike Federal Rule of Civil Procedure 26(c), Rule 45 does not refer to a process of "remit[ting]" a discovery dispute from one court to another. Therefore, courts are divided on the question of whether Rule 45 motions may be transferred from the court issuing the subpoena to the court where the underlying litigation is pending. In *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998), the United States Court of Appeals for the District of Colombia Circuit found the district court lacked the authority to transfer the motions under the Federal Rules of Civil Procedure.

In so holding, the D.C. Circuit rejected the contrary view expressed by other courts. *See In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991); *Devlin v. Transp. Communications Int'l Union*, 2000 WL 249286, *1 (S.D. N.Y. 2000)("There is substantial support in the caselaw, among the commentators, and in the Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending."). Other courts, however, have followed the D.C. Circuit's lead. *See, e.g., In re Application for Order*

*Quashing Deposition Subpoenas dated July 16, 2002*, 2002 WL 1870084, * 6 (S.D. N.Y. 2002).

Here, the issue is not whether the issuing court has the authority to transfer a Rule 45 motion to this Court but whether this Court has the authority to act on a subpoena issued from another court. Although courts are divided on the issue of whether an issuing court may transfer Rule 45 motions to the court where the action is pending, even in those cases where courts have allowed for the transfer of a Rule 45 motion or for the remitting of a discovery dispute under Rule 26(c), it is clear that the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts <u>unless there is such a transfer or remittance</u>. *See In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991). Similarly, in *Central States, Southeast & Southwest Areas Pension Fund v. Orthopedic Transport Co.*, 174 F.R.D. 50, 52 n.1 (E.D. Penn. 1997), the court remitted a discovery dispute involving nonparty subpoenas, a process which involved not transferring the dispute, but denying a protective order while granting the party seeking the order leave to renew its request before the court handling the underlying dispute.

In the *In re Sealed Case*, the court indicated a nonparty may move for a protective order in the court of the underlying action, thereby submitting to that court's jurisdiction. *Id.* at 342. The D.C. Circuit noted that "Rule 26(c) permits [the issuing] court to stay its proceedings on a nonparty deponent's motion for a protective order pending action by the trial court, and to defer to the trial court's resolution of that motion. The rules may well allow similar abstention on a motion to quash, followed by deference to the trial court's decision on a motion for protective order. . . ." *Id.* This language envisions a situation where a motion to quash was filed in the issuing court, and a motion for protective order was simultaneously filed in the trial court. In such a situation, the D.C. Circuit indicates the issuing court may decide to abstain from ruling on the motion to quash and instead

5

defer to the trial court's ruling on the motion for protective order.

Based on the foregoing authority, the Court denies Defendants' and Dr. Brandecker's motions to quash and for protective order. The subpoenas were issued from either the United States District Court for the Northern District of Texas or the United States District Court for the Western District of Texas. Neither Defendants nor Dr. Brandecker offers the Court any authority authorizing this Court to enforce, modify, or otherwise act on a subpoena issued from another court.

Based on the foregoing authority, the Court denies the motions to quash or for protective order. Although the parties have not raised this issue in the briefing, the Court is bound by the text of Rule 45 which, case law has held and the Court agrees, suggests that only the issuing court has the power to act on its subpoenas. Based on the foregoing, it is

**ORDERED** that Dr. Edward Brandecker's, Witness, Motion to Quash Subpoena Duces Tecum (Docket Entry # 54) and Defendants' Objections to and Motion to Quash Five Document Subpoenas, or Alternatively, Motion for Protective Order (Docket Entry # 55) are **DENIED**.

**SIGNED this 25th day of July, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE